■ ARKIN KAPLAN RICE LLP et al., Appellants, v HOWARD KAPLAN et al., Respondents. [991 NYS2d 314]—Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 4, 2012, which granted defendants' motion to enforce prior court orders to the extent of directing plaintiffs to return money to plaintiff Arkin Kaplan Rice LLP's (AKR) account at Signature Bank forthwith, and requiring two signatures on all future

disbursements from the account, unanimously affirmed, with costs.

Plaintiffs' use of funds in the AKR account to pay post-dissolution rent expenses was in violation of a preliminary injunction and subsequent orders limiting plaintiffs' use of those funds to the payment of pre-dissolution expenses. Contrary to plaintiffs' apparent contention, defendants were not required to demonstrate anew their entitlement to the preliminary injunction in support of their motion to enforce the injunction.

We reject plaintiffs' argument that they were not afforded an opportunity to be heard or to present evidence in response to defendants' motion. Plaintiffs' counsel acknowledged on the record in open court that he was prepared to address the merits of defendants' argument, and never sought to introduce any evidence or request additional time to submit a brief in opposition, despite being afforded the opportunity to do so.

Contrary to defendants' contention, the order on appeal is not superseded by the motion court's June 3, 2013 order, since the two orders do not address the same issues.

While defendants are correct that AKR lacks standing to bring this appeal, because it is not an aggrieved party within the meaning of CPLR 5511, the individual plaintiffs do not lack standing.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Andrias and DeGrasse, JJ.