Capozzolo v Capozzolo (2021 NY Slip Op 03942)





Capozzolo v Capozzolo


2021 NY Slip Op 03942


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


265 CA 20-01070

[*1]KIM M. CAPOZZOLO, PLAINTIFF-RESPONDENT,
v
ARCANGELO CAPOZZOLO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






HOGANWILLIG, PLLC, BUFFALO (KENNETH A. OLENA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TRISHÉ L.A. HYNES, CORFU, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered August 14, 2020. The order, among other things, sanctioned defendant for his willful violation of a court order. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 1, defendant appeals from an order that, inter alia, sanctioned him for his willful violation of a prior order of Supreme Court. The prior order was entered approximately nine months earlier and, among other things, denied defendant's motion for modification of his spousal maintenance obligation and ordered him to pay his arrears within five business days. No appeal was taken from the prior order. In appeal No. 2, defendant appeals from an order that, inter alia, directed the County Clerk to enter a money judgment against him in the amount of his then-current arrears and purported to supersede the prior order with respect to the amount owed. In both appeals, defendant contends only that the court erred in denying his motion for modification of his spousal maintenance obligation. Because the court's denial of that motion was embodied in a prior order from which no appeal was taken, we are foreclosed from reviewing defendant's contention (see Weichert v Delia, 1 AD3d 1058, 1058-1059 [4th Dept 2003], lv denied 1 NY3d 509 [2004]). We note that the order in appeal No. 2 does not address defendant's motion and therefore does not supersede the prior order insofar as it denied that motion (see Arkin Kaplan Rice LLP v Kaplan, 120 AD3d 427, 428 [1st Dept 2014]). Furthermore, we reject defendant's contention, raised for the first time at oral argument, that the orders on appeal constitute final judgments necessarily affected by the prior order (cf. CPLR 5501 [a] [1]). Inasmuch as defendant has not raised any issues with respect to the orders on appeal, he has abandoned any contentions with respect thereto, and therefore the appeals from those orders must be dismissed (see Weichert, 1 AD3d at 1058-1059; see also Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court